FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES W., <br><br>              Plaintiff, <br><br>     -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br>              Defendant. | No.   1:22-CV-3147-WFN <br><br> ORDER |

    Charles W. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney John B. Drenning represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

    Plaintiff applied for Supplemental Security Income on September 25, 2019, alleging disability beginning on May 30, 2018. Tr. 370–75. The application was denied initially, Tr. 118–27, and on reconsideration, Tr. 129–42. Administrative Law Judge [ALJ] Charles Stuber held a hearing on May 29, 2020, Tr. 48–74, and issued an unfavorable decision on August 27, 2020, Tr. 143–58. The Appeals Council denied review on February 18, 2021. Tr. 159–64. Plaintiff appealed to the district court. Tr. 165–67. The court remanded the matter on the parties' stipulation because the record was incomplete. Tr. 169–70, Tr. 179. ALJ Laura Valente held a second hearing on June 23, 2022, Tr. 83–116, and denied benefits

ORDER - 1

again on July 13, 2022, Tr. 4–20. The ALJ's July 2022 decision is the Commissioner's final decision, 20 C.F.R. § 416.1484, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 17, 2022. ECF No. 1.

## FACTS

Plaintiff was born in 1977 and was forty years of age as of his alleged onset date. Tr. 86. He has a GED, Tr. 102, and some past work as a farm worker, tractor operator, and break operator. Tr. 17, 108. Plaintiff alleges disability based on mental health impairments. Tr. 87.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER - 2

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On July 13, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 4–20.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 2, 218, the date of Plaintiff's application. Tr. 8.

At step two, the ALJ determined Plaintiff had the following severe impairments: "post-traumatic stress disorder [PTSD]; bipolar disorder; and methamphetamine use disorder." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 9–11.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found he could "perform a full range of work at all exertional levels" but had several non-exertional limitations. Tr. 11. "[H]e can perform simple, routine tasks"; "[h]e cannot work with the general public"; [h]e can work in the same room with coworkers, but he cannot coordinate

work activity with them"; [h]e can interact occasionally with supervisors"; and "[h]e can adapt to occasional workplace changes." *Id.*

At step four, the ALJ found Plaintiff was able to perform past relevant work as a farm worker, fruit II. Tr. 17.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 18-19. The ALJ specifically identified the representative occupations of kitchen helper, hand packager, and routing clerk. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date. Tr. 20.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) finding Plaintiff was not disabled due to his RFC; (2) improperly assessing Plaintiff's testimony, (3) improperly assessing medical opinions, and (4) improperly assessing Plaintiff's determinable and severe disorders.

## DISCUSSION

**(1) RFC**

The ALJ determined Plaintiff had significant social limitations. Tr. 11. Specifically, the ALJ found Plaintiff "cannot work with the general public"; "can work in the same room with coworkers, but . . . cannot coordinate work activity with them"; and "can interact occasionally with supervisors." *Id.*

Plaintiff argues the limitation to occasional interaction with supervisors required the ALJ to find Plaintiff disabled because, as the vocational expert testified, a person would not be able to make it past the training period for the jobs under discussion if he could only interact with his supervisor occasionally. ECF No. 13 at 3–4.

ORDER - 4

     Defendant counters that the vocational expert never testified a person would need to interact more than occasionally with his supervisor during the initial training period. ECF No. 20 at 19. Instead, the vocational expert testified that the training period would last less than thirty days, require only occasional contact with a supervisor, and not involve constant monitoring. *Id.* Defendant also points out that the vocational expert was aware of the training requirements for the jobs under discussion and testified a person with Plaintiff's RFC would be able to perform those jobs. *Id.*

     Defendant's characterization of the vocational expert's testimony is reasonable, *see* Tr. 113–15, but it appears the ALJ did not adopt it, *see* Tr. 19. The ALJ wrote: "In addition, the vocational expert explained that a worker who can only occasionally interact with trainers or supervisors during the training/probationary period or who cannot become as competent at job performance as the average employee within 60 days generally will not remain employed." *Id.* Thus, it appears the ALJ understood the vocational expert as testifying that more than occasional contact with supervisors would be necessary to get beyond the training period for the jobs under discussion. *Id.* It also appears the ALJ credited the vocational expert's testimony. *See id.* (finding the vocational expert's testimony "was based on the expert's own experience and knowledge as a vocational consultant, as documented in the vocational expert's resume and as affirmed and expanded upon at the hearing"). Therefore, the ALJ's written decision is internally inconsistent and must be reversed. *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) ("[S]ubstantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time.").[1]

     This does not mean the ALJ found Plaintiff was required to find Plaintiff disabled. It could be that the ALJ found the necessary training period would be brief and that Plaintiff could tolerate more than occasional contact for that brief period, though not indefinitely. It

---

[1] Defendant does not argue the error was harmless. ECF No. 20 at 19.

ORDER - 5

also could be that the ALJ decided the training period for the jobs at issue required no more than occasional contact. But whatever the explanation is, it is not apparent from the decision and record. Because the Court cannot discern the ALJ's explanation, the matter must be remanded. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." (internal quotation marks omitted)), *superseded by regulation on other grounds as stated in Thomas v. Saul*, 830 F. App'x 196, 198 (9th Cir. 2020).

Plaintiff asks the Court to remand for an award of benefits. ECF No. 13 at 4. However, that remedy is only appropriate if the record leaves no doubt that the claimant is disabled. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). That is not the case here. The Court will remand this matter for additional proceedings and explanation. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

**(2) Plaintiff's Other Assignments of Error**

Plaintiff also argues the ALJ erred by improperly assessing the medical opinions, Plaintiff's testimony, and Plaintiff's impairments. ECF No. 13 at 5–19. The analysis of these issues could be impacted by the ALJ's resolution, or explanation, of the inconsistency discussed above. Therefore, the ALJ shall reevaluate those issues on remand as well.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ erred by finding Plaintiff was limited to occasional contact with a supervisor and also apparently finding the training period would require more than occasional contact with a supervisor. The Court has reviewed the briefs and the file and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed March 6, 2023, **ECF No. 13**, is **GRANTED IN PART.**
2. Defendant's Brief, filed April 27, 2023, **ECF No. 20**, is **DENIED**.
3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 17th day of August, 2023.

08-11-23

                WM. FREMMING NIELSEN
              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7